Crystal M. Gaudette (SBN 247712)
Robert G. Simpson (SBN 67556)
Zachary A. Streiff (SBN 307792)
KENNEDY, ARCHER & GIFFEN
Attorneys at Law
24591 Silver Cloud Court, Suite 200
Monterey, CA  93940
Telephone (831) 373-7500
Facsimile  (831) 373-7555
Email:  cgaudette@kaglaw.net

Attorneys for Defendant TerraFresh Organics, LLC

Jesse Berg (SBN 167710)
Stephen F. Henry (SBN 142336)
VESTED LAW
One Sansome Street, 35th Floor
San Francisco, CA 94101
Tel: (415) 962-4510
jberg@vestedlaw.com | shenry@vestedlaw.com

Attorneys for Individual Defendants
Greg Holzman, Steve Akagaki, and Jason Laffer

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
### OAKLAND COURTHOUSE

| | |
|---|---|
| ALBERT'S ORGANICS, INC., <br><br> Plaintiff, <br><br> v. <br><br> GREG HOLZMAN, an individual; TERRAFRESH ORGANICS, LLC, a California limited liability corporation; STEVE AKAGAKI, an individual; and JASON LAFFER, an individual, <br><br> Defendants. | No.: 4:2019-cv-07477-PJH <br><br> **TERRAFRESH ORGANICS, LLC AND INDIVIDUAL DEFENDANTS GREG HOLZMAN, STEVE AKAGAKI AND JASON LAFFER'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT OF ALBERT'S ORGANICS, INC. PURSUANT TO RULE 12(B)(6)** <br><br> HEARING DATE: March 4, 2020 <br> TIME: 9:00 a.m. <br> COURTROOM: 3 <br> JUDGE: Phyllis J. Hamilton |

Reply Brief In Support of
Defendants' Motion to Dismiss

Albert's Organics, Inc. v Greg Holzman, et al.
Case No: 4:2019-cv-07477-PJH

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................... 1

II. ARGUMENT .................................................................................................................. 1

    A. Legal Standard .................................................................................................... 1

    B. Counts 1 and 2 – Trade Secret Claims ................................................................ 2

        1. Failure to Specify the Boundaries Within Which the Trade Secrets Lie .......... 2

        2. Failure to Allege Misappropriation ................................................................. 3

    C. Count 3 – Breach of Contract .............................................................................. 4

    D. Counts 4 and 5 – Tortious Inducement and Interference Claims ........................ 5

    E. Count 6 – Breach of Duty of Loyalty .................................................................. 6

    F. Count 7 – Tortious Inducement Breach of Duty of Loyalty ............................... 7

    G. Count 8 – Unfair Competition ............................................................................. 8

    H. Count 9 – Interference with Prospective Economic Advantage ......................... 8

    I. CUTSA Preemption ............................................................................................ 9

    J. Dismissal with Prejudice ................................................................................... 11

III. CONCLUSION ............................................................................................................. 11

Reply Brief In Support of
Defendants' Motion to Dismiss
  - i -  
Albert's Organics, Inc. v Greg Holzman, et al.
Case No: 3:2019-cv-07477-PJH

# TABLE OF AUTHORITIES

**Cases**

*Alta Devices, Inc. v. LG Elecs., Inc.*
    343 F. Supp. 3d 868, 881 (N.D. Cal. 2018) ................................................................. 3

*Amron Int'l Diving Supply, Inc. v. Hydrolinx Diving Commc'n, Inc.*
    No. 11-CV-1890-HJMA, 2011 WL 5025178, at*10 (S.D. Cal. Oct. 21, 2011) ............ 9

*Angelica Textile Servs. v. Park*
    220 Cal. App. 4th 495, 510 (Cal. Ct. App. 2013) .................................................. 9, 11

*Ashcroft v. Iqbal*
    556 U.S. 662, 683 (2009) ................................................................................... 1, 2, 4

*Blantz v. California Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*
    727 F.3d 917, 926 (9th Cir. 2013) ............................................................................... 6

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544, 570 (2007) ............................................................................................ 2

*Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*
    873 F. Supp. 2d 1192, 1212 (N.D. Cal. 2012) ............................................................ 3

*Casey v. U.S. Bank Nat. Assn.,*
    127 Cal. App. 4th 1138, 1144 (Cal. Ct. App. 2005) .................................................... 7

*Cervantes v. City of San Diego*
    5 F.3d 1273, 1274 (9th Cir. 1993) ............................................................................... 1

*Chang v. Biosuccess Biotech Co.*
    76 F. Supp. 3d 1022, 1041 (C.D. Cal. 2014) ............................................................ 10

*Chromadex, Inc. v. Elysium Health, Inc.*
    369 F. Supp. 3d 983, 989 (C.D. Cal.2019) ................................................................. 7

*Copart, Inc. v. Sparta Consulting, Inc.*
    277 F. Supp. 3d 1127, 1156 n. 3 (E.D. Cal. 2017) ..................................................... 9

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.*
    11 Cal. 4th 376, 392–93 (1995) .................................................................................. 8

*Fields v. QSP, Inc.*
    No. CV 10-5772 CAS SSX, 2011 WL 1375286, at *3 (C.D. Cal. Apr. 8, 2011) ......... 7

*Flores. v. EMC Mortg. Co.*
    997 F. Supp. 2d 1088, 1118 (E.D. Cal. 2014) .......................................................... 10

*GCIU-Employer Re. Fund v. Quad/Graphics, Inc.*
    No. 216CV00100ODWAFMX, 2016 WL 3027336, at *3 (C.D. Cal. May 26, 2016) . 6

*Glob. Med. Sols., Ltd v. Simon*
    No. CV1204686MMMJCX, 2013 WL 12065418 at * 33 n. 212 (C.D. Cal. Sept. 24, 2013) ................................................................................................................ 9

*Haskins v. Symantec Corp.*
    No. 13-CV-01834-JST, 2013 WL 6234610, at *10 (N.D. Cal. Dec. 2, 2013)............... 5

*Intermedics, Inc. v. Ventritex, Inc.*
    822 F. Supp. 634, 646 (N.D. Cal. 1993) ....................................................................... 7

*JMP Sec. LLP v. Altair Nanotechnologies Inc.*
    880 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012) ............................................................. 7

*Korea Supply Co. v. Lockheed Martin Corp.*
    29 Cal. 4th 1134, 1146 (2003)..................................................................................... 8

*Kwikset Corp. v. Superior Court*
    51 Cal. 4th 310, 320 (2011)......................................................................................... 9

*Lee v. City of Los Angeles*
    250 F.3d 668, 688 (9th Cir. 2001)................................................................................ 1

*M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*
    No. SACV19220JVSJDEX, 2019 WL 6655274, at *9 (C.D. Cal. Sept. 23, 2019)...... 4

*McKell v. Washington Mut., Inc.*
    142 Cal. App. 4th 1457, 1489 (cal. Ct. App. 2006) ..................................................... 5

*Morlife, Inc. v. Perry*
    56 Cal.App.4th 1514, 1519 (Cal. Ct. App. 1997) ........................................................ 3

*Nazrawi v. Buck Consultants LLC*
    231 Cal. App. 4th 328, 343 (Cal. Ct. App. 2005)......................................................... 7

*NetApp, Inc. v. Nimble Storage, Inc.*
    41 F. Supp. 3d 816, 839 (N.D. Cal. 2014) ................................................................... 9

*N. Cty. Commc'ns Corp. v. Verizon Glob. Networks, Inc.*
    685 F. Supp. 3d 816, 840 (N.D. Cal. 2014) ................................................................. 5

*Oliver v. SD-3C LLC*
    No. 11-CV-01260-JSW, 2016 WL 5950345 at *11 (N.D. Cal. Sept. 30 2016)............ 6

*Pellerin. v. Honeywell Int'l, Inc.*
877 F. Supp. 2d 983, 989 (S.D. Cal. 2012) ........................................................................ 4

*Prime Healthcare Servs., Inc. v. Harris*
    216 F. Supp. 3d 1096, 1111 (S.D. Cal. 2016) ................................................................. 6

*Qiang Wang v. Palo Alto Networks, Inc.*
    No. C 12-05579 WHA, 2013 WL 415615, at *4 (N.D. Cal. Jan. 31, 2013) ............... 10

*Qingdao Tang-Buy Int'l Imp. & Exp. Co., Ltd. v. Preferred Secured Agents, Inc.*
    No. 150CV-00624-LB, 2016 WL 6524396, at *3 (N.D. Cal. Nov. 3, 2016) ................ 5

*Richard B. LeVine, Inc. v. Higashi*
    131 Cal. App. 4th 566, 579 (Cal. Ct. App. 2005) ....................................................... 10

*Robinson Helicopter Co. v. Dana Corp.*
    34 Cal. 4th 979, 988 (2004) .......................................................................................... 7

*Silvaco Data Sys. V. Intel Corp.,*
    184 Cal. App. 4th 210, 238 (Cal. Ct. App. 2010) .......................................................... 9

*Sorayama v. Robert Bane Ltd., Inc.*
    380 F. App'x. 707, 708 (9th Cir. 2010) ......................................................................... 7

**Statutes and Rules**

18 U.S.C. § 1836(b) ................................................................................................................. 2

Cal. Civ. Code § 3426 .............................................................................................................. 2

Cal. Civ. Code § 3426.7 ........................................................................................................... 9

Cal. Lab. Code §§ 2860, 2863 ................................................................................................. 6

Defendant TerraFresh Organics, LLC ("TerraFresh"), together with individual defendants Greg Holzman, Steve Akagaki, and Jason Laffer (the "Individual Defendants" and collectively with TerraFresh, "Defendants") respectfully submit this reply brief in support of their Motion to Dismiss ("Motion").

## I.   INTRODUCTION

The facts alleged and arguments presented in the Motion only reinforce the true nature of case:  it is nothing more than an attempt to restrain Defendants' lawful competition and ability to work in the produce industry; the industry in which the Individual Defendants have been employed for the past 20-30 years.  Plaintiff Albert's Organics, Inc. ("Plaintiff" or "Albert's") apparently hopes that it can proceed on a raft of vague and conclusory allegations designed to present a moving target and keep Defendants embroiled in an amorphous dispute indefinitely.  Even the liberal pleading standard in Rule 8 does not countenance the basic lack of notice displayed in Albert's complaint.

In a bid to avoid the dismissal of its complaint, Albert's seeks to compare the threadbare allegations in this case to certain other cases where far more detail was alleged in order to survive a motion to dismiss.  Yet other precedents cited by Albert's were not decided at the pleading stage in the first instance.  Albert's has urged that it must be allowed to state allegations on information and belief and plead alternative theories or remedies, but it is the conclusory manner in which Albert's does so, not the reliance on these principles in the abstract, that dooms the complaint.  The Court should grant Defendants' Motion, and grant it with prejudice as to the majority of the claims, which suffer from multiple defects.

## II.   ARGUMENT

### A.   Legal Standard

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the complaint; therefore, the Court's review of the case is limited to the complaint.  *See Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001) (citing *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993)).  All complaints in federal court must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009); *see also Bell Atl. Corp. v.*

*Twombly*, 550 U.S. 544, 570 (2007).  Labels, conclusions, and generic lists tracking the elements of a claim are all insufficient to meet this standard.  *See Twombly*, 550 U.S., at 555.  Finally, a statement of facts that allows a Court to infer nothing more than a possibility of misconduct is insufficient to state a plausible claim.  *See Iqbal*, 556 U.S., at 679.

    **B.**    **Counts 1 and 2 – Trade Secret Claims**

        1.    <u>Failure to Specify the Boundaries Within Which the Trade Secrets Lie</u>

The elements of a trade secret misappropriation claim under the federal Defend Trade Secrets Act ("DTSA") are: (1) the plaintiff owned a trade secret; (2) defendants misappropriated the trade secret; and (3) the defendants' actions damaged the plaintiff.  *See* 18 U.S.C. § 1836(b); *Moreland Apartments Assocs. v. LP Equity LLC*, No. 5:19-CV-00744-EJD, 2019 WL 6771792, at *2 (N.D. Cal. Dec. 12, 2019).  A claim under the California Uniform Trade Secrets Act ("CUTSA"), codified at California Civil Code Section 3426 *et seq.*, is evaluated under the same standard as a DTSA claim upon a motion to dismiss.  *See Moreland Apartments Assocs.*, No. 5:19-CV-00744-EJD, 2019 WL 6771792, at *2.

As Albert's acknowledges, the alleged trade secret must be identified sufficiently so that the Defendants can "ascertain at least the boundaries within which the secret lies." *Vendavo, Inc. v. Price f(x) AG*, No. 17-CV-06930-RS, 2018 WL 1456697, at *4 (N.D. Cal. Mar. 23, 2018).  Albert's recites this standard, but does not apply it.

As previously stated in Defendants' opening brief, the allegations in support of the DTSA and CUTSA claims fail because they relate back to an all-inclusive list of information about Albert's business.  *See* Compl. ¶ 27 ("customer information, supplier information, pricing, financing, sales volume, potential customer and venture partners, import volumes, personnel files and records, customer lists, proposed or contemplated investments, financial records, other internally generated studies and reports, among other things.")  This is insufficient.  This list encompasses virtually every item of data maintained or generated by Albert's business.  Notably, the end of the list is further broadened by open-ended qualifying language "among other things." *Id.*  Albert's list does not meet the pleading standard for identifying trade secrets because such an all-inclusive list, due to its breadth, cannot inform Defendants of "the boundaries within which

1  the secret lies." *Vendavo, Inc.*, No. 17-CV-06930-RS, 2018 WL 1456697, at *4.  A plain reading

2  of Albert's list demonstrates that Albert's supposed trade secrets **have no** boundaries.[1]

3      Plaintiff cites case law holding that certain specified types of customer information can

4  be trade secrets.  Opp. 6:9–24; *see, e.g., Morlife, Inc. v. Perry*, 56 Cal.App.4th 1514, 1521–22

5  (Cal. Ct. App. 1997) (customer lists not publicly available).  But Defendants do not deny that

6  adequately specified customer information, such as customer lists, **can** be a trade secret.  Rather,

7  Defendants have argued that they are entitled to know the specific trade secrets at issue beyond

8  being confronted with a generic list.

9      The other case law cited by Albert's, upon close examination, supports Defendants'

10  arguments.  *See Alta Devices, Inc. v. LG Elecs., Inc.*, 343 F. Supp. 3d 868, 881 (N.D. Cal. 2018).

11  In *Alta Devices*, the Court applied the *Vendavo* standard and found it satisfied because "Alta

12  alleges the **exact technology** in question: thin-film GaAs solar technology."  *Id.* (emphasis

13  added).  In the case of *Brocade Commc'ns Sys., Inc. v. A10 Networks, Inc.*, 873 F. Supp. 2d 1192,

14  1212 (N.D. Cal. 2012), the Court was deciding the case on summary judgment—not a motion to

15  dismiss—and noted that the plaintiff enumerated 20 specific trade secrets, which could be

16  categorized by whether they related "software," "hardware," or other identifiable aspects of the

17  business.  There is no comparable detail specified here.  Albert's has not cited one case where a

18  court allowed for an all-inclusive list to substitute for the legal requirement that the trade secret

19  plaintiff specify the boundaries within which the trade secrets lie.  These claims should be

20  dismissed.

21      2.    <u>Failure to Allege Misappropriation</u>

22      Plaintiff has further failed to allege a necessary element of a trade secret claim under both

23  the DTSA and CUTSA: the act of misappropriation.  In opposition to the Motion, Albert's offers

24  little argument, but instead a series of quotations from the complaint.  Opp. 9:1–28 (citing

---

[1] To be sure, certain other references in Albert's complaint contain a shorter list.  *See, e.g.,* Compl. ¶ 46; Opp. 8:14–15.  But the presence of competing lists only further muddles the issue of what trade secrets, if any, are at issue.  Even if Defendants could guess which list takes precedence, none of the lists offered by Albert's provide reasonable notice of what information is actually in dispute.

Compl. ¶¶ 30, 32–35.)  To summarize, the quotations include verbiage that Defendants either used or "failed to return" the alleged trade secrets.

Regarding the allegation that someone "failed to return" a secret, it is not at all clear that the trade secrets are returnable items such as paper documents or electronic files: absent a reasonable description of the purported trade secrets, it is impossible for the parties to evaluate whether the trade secrets include returnable property.  It is equally possible that Albert's seeks to target alleged trade secrets in Defendants' minds, which are obviously not returnable items.

Albert's apparently assumes that it is sufficient for pleading purposes to conclude that Defendants engaged in the use of an alleged trade secret in competition with Albert's.  But courts do not simply accept such assertions at face value.  *See, e.g., Pellerin v. Honeywell Int'l, Inc.*, 877 F. Supp. 2d 983, 989 (S.D. Cal. 2012) (deciding that allegations that defendants "used and/or disclosed" and "acquired and/or used" alleged trade secrets were mere "legal conclusion[s]"). Notably, Albert's has not attempted to distinguish the case of *M/A-COM Tech. Sols., Inc. v. Litrinium, Inc.*, No. SACV19220JVSJDEX, 2019 WL 6655274, at *9 (C.D. Cal. Sept. 23, 2019), in which the court granted a motion to dismiss a DTSA claim where the plaintiff made mere "conclusory" allegations that a former employee coordinated with a competitor to use the plaintiff's trade secrets.  The *M/A-COM* court specifically noted that the allegations, stripped of the attendant conclusions of misappropriation, stated nothing more than lawful competition, and therefore no misappropriation was properly alleged.  *Id.*; *see also Iqbal*, 556 U.S., at 679 (in order to survive a motion to dismiss, a complaint must allege facts showing more than the mere possibility of misconduct).  The same is true here: if the Court strips away the legal conclusions that Defendants used a trade secret, the allegations contain nothing more than a description of lawful competition.  Obviously, this cannot support a misappropriation of trade secret claim, and Counts 1 and 2 of the complaint should therefore be dismissed.

### C. Count 3 – Breach of Contract

On the third count in Albert's complaint for breach of contract, Albert's once again cites the proper rule but fails to comply with it.  Albert's correctly recites that in order to plead a contract by "legal effect," it must allege the substance of the contract's relevant terms.  Opp.

12:12–14; *N. Cty. Commc'ns Corp. v. Verizon Glob. Networks, Inc.*, 685 F. Supp. 2d 1112, 1122 (S.D. Cal. 2010) (citing *McKell v. Washington Mut., Inc.*, 142 Cal. App. 4th 1457, 1489 (Cal. Ct. App. 2006)).  Plaintiff further quotes *Qingdao Tang-Buy Int'l Imp. & Exp. Co., Ltd. v. Preferred Secured Agents, Inc.*, No. 15-CV-00624-LB, 2016 WL 6524396, at *3 (N.D. Cal. Nov. 3, 2016) for the uncontroversial assertion that no rule of "unusual specificity" applies to such pleading.

Defendants are not requesting any heightened level of specificity in pleading, but only seek a basic explanation of the legal effect of the alleged agreement or agreements.  Yet the allegations cited by Plaintiff as meeting this standard do little more than state that the Individual Defendants "agreed" to certain documents as a condition of employment.  See Compl. ¶¶19, 20, 22, 24.  Alleging the simple fact that an agreement exists is not the same as alleging an agreement's legal effect, which involves stating all material terms of the agreement.  *See also Haskins v. Symantec Corp.*, No. 13-CV-01834-JST, 2013 WL 6234610, at *10 (N.D. Cal. Dec. 2, 2013) (the allegations failed where the pleading "fail[ed] to paint a clear picture of the alleged contract's terms").  Worse still, Albert's complaint mentions multiple separate agreements[2] as to each of the three Individual Defendants, *see* Compl. ¶¶ 19, 20, 22—yet the complaint brings only a single breach of contract claim as to all three Individual Defendants without attempting to specify which term of which agreement is being enforced, and against whom.  This begs the question of what exactly is claimed to have been breached and how so.  Plaintiff's Count 3 in the complaint should be dismissed.

### D.  Counts 4 and 5 – Tortious Inducement and Interference Claims

Albert's denies that the allegations underlying the fourth claim for tortious inducement to breach of contract and the fifth claim for tortious interference with business relationships/contract are conclusory.  But even a brief review of the complaint demonstrates the opposite:  these allegations generically track the elements of each claim, with each element

---

[2] The complaint mentions an "Associate Handbook," "Code of Business Ethics," and "Code of Conduct."  Compl. ¶¶19, 20, 22.  Of these three documents, apparently each Individual Defendant agreed to a different combination of the three.  *See id.*  It is completely improper for Plaintiff to put the burden on Individual Defendants to guess which term of which agreement is being enforced.

matching up to a conclusory assertion meant to satisfy the element.  *See* Compl. ¶¶ 74–87.  Defendants' concerns with the conclusory nature of these allegations are heightened in light of the fact that the majority of the allegations are stated on information and belief.  *Id.* ¶¶ 76, 77, 78, 79, 82, 84, 85, 87.

Defendants do not dispute that allegations may, under the proper circumstances, be stated on information and belief.  But this ability to plead on information and belief is not carte blanche to state a claim in conclusory terms.  In the case of *GCIU-EMployer Ret. Fund v. Quad/Graphics, Inc.*, No. 216CV00100ODWAFMX, 2016 WL 3027336, at *3 (C.D. Cal. May 26, 2016), cited by Albert's, the court gave significant weight to the fact that "the underlying evidence is peculiarly within the defendant's possession."  Albert's argues that this rule applies but ignores that its own complaint does not plead facts to show that any evidence is peculiarly within Defendants' control: apparently, the Court is supposed to assume this fact despite its absence from the pleadings.  *See* Opp. 14:10; *see generally* Compl.

Moreover, the central problem with Albert's allegations arises not from the simple fact that information and belief is relied on, but rather from the **combination** of vague and conclusory allegations with statements of mere information and belief.  In fact, courts evaluating complaints subject to a motion to dismiss regularly take into consideration over-reliance on information and belief in combination with conclusory allegations.  *See Blantz v. California Dep't of Corr. & Rehab., Div. of Corr. Health Care Servs.*, 727 F.3d 917, 926 (9th Cir. 2013); *Prime Healthcare Servs., Inc. v. Harris*, 216 F. Supp. 3d 1096, 1111 (S.D. Cal. 2016); *Oliver v. SD-3C LLC*, No. 11-CV-01260-JSW, 2016 WL 5950345, at *11 (N.D. Cal. Sept. 30, 2016).  Because both the fourth and fifth counts of the complaint are stated in conclusory terms and rely almost entirely on information and belief, the cumulative effect of these issues renders the claims implausible as a matter of law.  Counts 4 and 5 of the complaint should be dismissed.

E.     **Count 6 – Breach of Duty of Loyalty**

Albert's contends that the breach of the duty of loyalty is a legal claim conferred by statute.  A reading of the statutes cited by Albert's, California Labor Code Sections 2860 and 2863, does not support the contention that they are the source for a legal claim for relief.  The

case of *ChromaDex, Inc. v. Elysium Health, Inc.*, 369 F. Supp. 3d 983, 989 (C.D. Cal. 2019), cited by Plaintiff, analyzes such a claim as the **tort** of breach of fiduciary duty.  *See also Sorayama v. Robert Bane Ltd. Inc.*, 380 F. App'x 707, 708 (9th Cir. 2010) (applying California law, and referring to the "**torts** of conversion and breach of fiduciary duty.") (emphasis added); *Fields v. QSP, Inc.*, No. CV 10-5772 CAS SSX, 2011 WL 1375286, at *3 (C.D. Cal. Apr. 8, 2011) (holding that the elements of a breach of duty of loyalty claim are "virtually identical" to a claim for breach of fiduciary duty).

This claim, being a tort, is subject to the economic loss rule.  *See Robinson Helicopter Co. v. Dana Corp.*, 34 Cal. 4th 979, 988 (2004).  Although Albert's has attempted to distinguish one case cited by Defendants, numerous other federal cases notably not mentioned by Albert's have applied the economic loss rule to bar tort claims based on breaches of contract.  *See JMP Sec. LLP v. Altair Nanotechnologies Inc.*, 880 F. Supp. 2d 1029, 1043 (N.D. Cal. 2012). Albert's complains that its allegations do not support the application of this rule, but the opposite is true: the complaint alleges that Defendants' employment agreements duplicate and expand on the concept of duty of loyalty, for example, by requiring prior approval before certain activities. *See* Compl. ¶23 (in particular, see subparagraph "e").  Because the parties' alleged contract is the most comprehensive source of any duties that may apply between them, the Court should apply the economic loss rule so that an employment agreement dispute does not generate an entirely unnecessary parallel tort case.  Count 6 should be dismissed.

### F.    Count 7 – Tortious Inducement Breach of Duty of Loyalty

Albert's defends the seventh count by apparently abandoning it entirely but arguing that it can be changed into an aiding and abetting cause of action. Opp. 18:20–26. Plaintiff cites *ChromaDex*, 369 F. Supp. 3d 983, 989, *Intermedics, Inc. v. Ventritex, Inc.*, 822 F. Supp. 634, 646 (N.D. Cal. 1993), and *Nasrawi v. Buck Consultants LLC*, 231 Cal. App. 4th 328, 343 (Cal. Ct. App. 2014).  But as summarized by the *Nasrawi* court, aiding and abetting liability requires distinct elements, such as "substantial assistance or encouragement."  *See also Casey v. U.S. Bank Nat. Assn.*, 127 Cal. App. 4th 1138, 1144 (Cal. Ct. App. 2005) (analyzing the "substantial assistance or encouragement" element in detail).  Albert's complaint simply repeats allegations

that Defendants "knowingly and intentionally induced" a breach of duty.  *See* Compl. ¶¶100, 101, 103.  This is insufficient, and Count 7 should be dismissed.

### G. Count 8 – Unfair Competition

Albert's only briefly addresses Defendants' contention that no loss of money or property has been sufficiently alleged.  Opp. 19:6–18.  Plaintiff argues that it should not have to list a precise monetary figure as its loss of money or property.  Opp. 20:12–13.  Defendants do not ask for a monetary figure, but rather a cognizable theory of injury aside from vague and conclusory allegations that Albert's suffered "competitive" harm.  *See* Compl. ¶ 108.  In essence, Plaintiff seeks to recover the profits it predicts that it would have earned if it had not been subject to the acts it claims were unfair.  But under analogous circumstances, the California Supreme Court held that the "expectancy" of successfully competing for business is too attenuated and speculative to constitute a cognizable interest in money or property under the unfair competition law.  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1149–50 (2003).  The complaint also seeks disgorgement of profits—this is ***not*** an authorized remedy under California's unfair competition law.  *Id.*, at 1144–50.  In order to state this claim, Albert's must identify a vested interest in money or property that was lost, and must seek a remedy permitted by the law.  Having failed to do so, Albert's Count 8 should be dismissed.

### H. Count 9 – Interference with Prospective Economic Advantage

On the final claim in the complaint, Plaintiff still has not offered a convincing argument that it has pleaded an independently wrongful act as required by the California Supreme Court.  *See Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376, 392–93 (1995).  Again, Albert's pleads almost every predicate fact on this claim in terms of conclusions alleged on information and belief.  *See* Compl. ¶¶ 111, 112, 113, 115.  This conclusory pleading is insufficient.  Most importantly, the key paragraph alleging interference, paragraph 112, largely restates Albert's claim that interference with business relationships occurred and resulted in diversion of business to TerraFresh—without explaining why, other than the act of interference itself, this competition is wrongful.

The case of *Angelica Textile Servs., Inc. v. Park*, 220 Cal. App. 4th 495, 510 (Cal. Ct. App. 2013), decided on a motion for summary adjudication, is inapposite. The court in *Angelica* examined and specifically relied on the plaintiff's **evidence** and determined a triable issue remained. *Id.*, at 510 ("As we have discussed, Angelica produced evidence that Park engaged in wrongful recruitment of Angelica's customers while he was still an Angelica employee."). Here, the Court's task is to examine the pleadings and determine if the necessary elements are plausibly stated. The focus must be on the facts pleaded in this case, not on other cases where a legally sufficient complaint was allowed to proceed to trial. Count 9 should be dismissed.

## I.  CUTSA Preemption

The CUTSA states a broad rule of preemption.[3] *See* Cal. Civ. Code § 3426.7. Numerous state and federal courts have applied CUTSA's rule of preemption at the pleading stage of proceedings. *See Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 238 (Cal. Ct. App. 2010) (disapproved on other grounds by *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 337 (2011)); *NetApp, Inc. v. Nimble Storage, Inc.*, 41 F. Supp. 3d 816, 839 (N.D. Cal. 2014).

Albert's relies on outdated law to claim that CUTSA preemption cannot be decided on a motion to dismiss. *See Amron Int'l Diving Supply, Inc. v. Hydrolinx Diving Commc'n, Inc.*, No. 11-CV-1890-H JMA, 2011 WL 5025178, at *10 (S.D. Cal. Oct. 21, 2011) ("Moreover, Defendants' motion to dismiss based on preemption cannot be addressed until it is determined whether the allegedly misappropriated information constitutes a trade secret.") The *Amron* court's reasoning, that the issue cannot be decided until it is determined whether a trade secret is actually at issue, has been undermined by numerous subsequent cases holding directly to the contrary. *See Glob. Med. Sols., Ltd v. Simon*, No. CV1204686MMMJCX, 2013 WL 12065418, at *33 n. 212 (C.D. Cal. Sept. 24, 2013) (summarizing in detail why *Amron* is no longer authoritative); *see also Silvaco Data Sys. v. Intel Corp.*, 184 Cal. App. 4th 210, 238 (undermining the reasoning of *Amron*).

---

[3] "Preempt," "displace," and "supersede" are all terms that courts have employed interchangeably to describe this concept. *See Copart, Inc. v. Sparta Consulting, Inc.*, 277 F. Supp. 3d 1127, 1156 n. 3 (E.D. Cal. 2017).

Albert's also faults Defendants for attempting to "hide" the statutory exemption allowing contract claims to proceed alongside CUTSA claims. Opp. 3:11. To the contrary, Defendants have consistently acknowledged that the third count for breach of contract is unaffected by CUTSA preemption. Mot. 14:13–16; *see also Chang v. Biosuccess Biotech Co.*, 76 F. Supp. 3d 1022, 1041 (C.D. Cal. 2014).

The only claims that survive CUTSA preemption are the first three claims. The remaining claims either expressly incorporate trade secret allegations as a necessary component, *see* Compl. ¶¶ 85, 107, or alternatively, obliquely refer to trade secrets by virtue of referring to property that "belongs to Albert's." *See* Compl. ¶89. Whether the reliance on trade secrets is overt or not, the same standard applies: the Court must remove from its analysis all facts relating to trade secrets and determine whether the remaining facts are sufficient to support the potentially preempted claims. *See Qiang Wang v. Palo Alto Networks, Inc.*, No. C 12-05579 WHA, 2013 WL 415615, at *4 (N.D. Cal. Jan. 31, 2013).

Removing the trade secret facts undisputedly eviscerates claims such as the unfair competition law claim, which relies on a predicate violation of law to show unlawful or unfair conduct. *See* Compl. ¶ 107; Opp. 20:8 (Albert's concedes in its opposition that the alleged trade secret violations are a component of the derivative unfair competition claim); *see also Flores v. EMC Mortg. Co.*, 997 F. Supp. 2d 1088, 1118 (E.D. Cal. 2014) (explaining how the unfair competition law requires a predicate violation of another law).

The remaining tort claims also fail. The fifth claim for tortious interference with contract requires an allegation of wrongful means, but the wrongful means alleged in Albert's complaint is the use of the purported trade secrets. Compl. ¶ 85. Removing this allegation, as the *Qiang Wang* standard requires as part of the CUTSA preemption analysis, results in a claim that is missing an indispensable element. The sixth claim for breach of duty of loyalty[4] refers vaguely

---

[4] The seventh claim, which Albert's seeks to recast as an aiding and abetting claim regarding the duty of loyalty, is purely derivative of the underlying tort that was aided and abetted. Therefore, the problems with the sixth claim inevitably infect the seventh. *See Richard B. LeVine, Inc. v. Higashi*, 131 Cal. App. 4th 566, 579 (Cal. Ct. App. 2005) (noting that aiding and abetting liability is "derivative," and therefore applying *res judicata* to the derivative claim).

to property that "belongs to Albert's," an apparent reference to trade secrets. Compl. ¶ 89. It is doubtful that the sixth claim can survive absent this allegation, particularly where the remaining allegations are vague and conclusory. *See, e.g.*, Compl. ¶ 93 ("Albert's is informed and believes and, based thereon, alleges that Akagaki and Laffer breached their duties of loyalty.")

Albert's citation to *Angelica Textile Servs., Inc. v. Park*, 220 Cal. App. 4th 495, 510, does not prevent this result. Again, that case was evaluating the record in light of the evidence to determine whether a triable issue existed. Albert's cannot rely on the *Angelica* holding to substitute for the rigorous analysis of the complaint that *Qiang Wang* and other cases require. The pleading and record before the court in *Angelica* ultimately persuaded that court to allow the claims to proceed notwithstanding CUTSA preemption, but this is no indication of how the pleading here should fare. Albert's complaint must stand or fall on its own merits. Here, Counts 4 through 9 should be dismissed under the doctrine of preemption.

### J.  Dismissal With Prejudice

Defendants renew their argument that Albert's has not shown why there is a probability that its claims can be cured, as to the fourth through ninth claims. Recall that all but the first three claims are subject to multiple defects, including lack of plausibility and CUTSA preemption. These claims should be dismissed with prejudice. In light of the multiple defects in Counts 1 through 3, the Court would be well-advised to carefully inquire with Albert's counsel precisely how the pleading will be amended to cure the deficiencies before deciding that leave to amend is appropriate.

### III.  CONCLUSION

Albert's complaint offers Defendants almost no indication why they are being asked to respond to a lawsuit in federal court. Presumably, Plaintiff is unhappy that it now must engage in rigorous competition with TerraFresh, but lawful competition is not a proper basis for any of the claims stated. In order to obscure the reality that little more than ordinary marketplace competition underlies this action, Albert's resorts to a series of generic assertions and legal conclusions to plead its case. Even the generous standard of Rule 8 does not allow such a pleading. Moreover, Albert's incorrectly attempts to convince the Court to ignore the broad

doctrine of preemption that has been repeatedly applied at the pleading stage of proceedings. Albert's should first be required to amend its complaint to offer basic notice of what this dispute entails, and even following such an amendment, the Court should disallow vague or repetitive claims that serve only to increase the costliness of this action for the parties and attendant burden on the Court.

Dated:  January 31, 2020    KENNEDY, ARCHER & GIFFEN

By *Crystal M. Gaudette*
    Crystal M. Gaudette

Attorneys for Defendant
TerraFresh Organics, LLC

Dated:  January 31, 2020    VESTED LAW LLP
                            Jesse Berg (SBN 167710)
                            Stephen F. Henry (SBN 142336)
                            One Sansome Street, 35th Floor
                            San Francisco, CA 94101
                            Tel: (415) 962-4510
                            jberg@vestedlaw.com
                            shenry@vestedlaw.com

                            By _____
                                Stephen F. Henry

                            Attorneys for Individual Defendants
                            Greg Holzman, Steve Akagaki, and
                            Jason Laffer

I am a resident of the County of Monterey. I am over the age of eighteen (18) years and not a party to the within above-entitled action; my business address is 24591 Silver Cloud Court, Suite 200, Monterey, California 93940. I am readily familiar with my employer's business practice for collection and processing of correspondence for mailing with the United States Postal service.

On the date written below, following ordinary business practice, I served a copy of the following documents:

**TERRAFRESH ORGANICS, LLC AND INDIVIDUAL DEFENDANTS GREG HOLZMAN, STEVE AKAGAKI AND JASON LAFFER'S REPLY BRIEF IN SUPPORT OF MOTION TO DISMISS THE COMPLAINT OF ALBERT'S ORGANICS, INC. PURSUANT TO RULE 12(B)(6)**

by serving on the parties or their attorney of record in this action listed below by the following means:

[ ]   **BY MAIL.** By placing each envelope (with postage affixed and pre-paid thereto) in the U.S. Mail at the law offices of Kennedy, Archer & Giffen, 24591 Silver Cloud Court, Suite 200, Monterey, CA 93940, addressed as shown below. I am readily familiar with this firm's practice for collection and processing of correspondence for mailing with the U.S. Postal Service and in the ordinary course of business, correspondence would be deposited with the U.S. Postal Service the same day it was placed for collection and processing.

[ ]   **BY OVERNIGHT DELIVERY.** By placing with Federal Express for delivery a true copy thereof, enclosed in a sealed envelope, with delivery charges to be billed to Kennedy, Archer & Giffen, to the address(es) shown below.

[ ]   **BY E-MAIL/ELECTRONIC TRANSMISSION.** I caused the documents to be sent to the persons at the e-mail addresses listed below. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

[X]   **BY ELECTRONIC E-FILING SERVICE.** I caused the documents to be served via the Court's e-filing service.

**Attorneys for Plaintiff ALBERT'S ORGANICS, INC.**
CAROTHERS DISANTE & FREUDENBERGER LLP
Dan M. Forman, State Bar No. 155811
dforman@cdflaborlaw.com
Erin Owen, State Bar No. 185371
eowen@cdflaborlaw.com
707 Wilshire Boulevard, Suite 5150
Los Angeles, CA 90017
Telephone: (213) 612-6300

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on January 31, 2020, at Monterey, California.

Kari Brown