UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT'S ORGANICS, INC., <br>     Plaintiff, <br>     v. <br> GREG HOLZMAN, et al., <br>     Defendants. | Case No. 19-cv-07477-PJH <br><br> **ORDER GRANTING IN PART AND DENYING IN PART MOTION TO STRIKE** <br><br> Re: Dkt. No. 41 |

Before the court is plaintiff Albert's Organics, Inc.'s ("plaintiff") motion to strike. The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court GRANTS IN PART AND DENIES IN PART the motion for the following reasons.

**BACKGROUND**

Plaintiff filed a complaint ("Compl.") in this action on November 13, 2019 alleging (1) violation of the Defend Trade Secrets Act, (2) violation of the California Uniform Trade Secrets Act, (3) breach of contract, (4) tortious inducement of breach of contract, (5) tortious interference with business relations/contract, (6) breach of duty of loyalty, (7) tortious inducement of breach of duty of loyalty, (8) unfair competition, and (9) interference with prospective economic relations. Dkt. 1. This action is brought against defendants Greg Holzman, Steven Akagaki, Jason Laffer, and Terrafresh Organics, Inc. (collectively "defendants").

On March 23, 2020, the court granted in part and denied in part the defendants'

1  motion to dismiss.  Dkt. 31.  The court denied the defendants' motion relating to the first
2  through fourth claims, granted in part and denied in part the seventh claim, and granted
3  the motion relating to the fifth, seventh, eighth, and ninth claims, dismissing each with
4  leave to amend.  Id.  Plaintiff did not file an amended complaint.  On April 27, 2020,
5  defendants filed their collective answer ("Answer") to the complaint.  Dkt. 32.  Plaintiff
6  now moves to strike portions of that answer.  Dkt. 41.

**DISCUSSION**

**A.    Legal Standard**

Federal Rule of Civil Procedure 12(f) provides that the court "may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "The function of a [Rule] 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial."  Whittlestone, Inc. v. Handi-Craft Co., 618 F.3d 970, 973 (9th Cir. 2010) (quoting Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994)).

Motions to strike are not favored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation."  Colaprico v. Sun Microsystem, Inc., 758 F. Supp. 1335, 1339 (N.D. Cal. 1991) (citing Naton v. Bank of Cal., 72 F.R.D. 550, 551 n.4 (N.D. Cal. 1976)).  When a court considers a motion to strike, it "must view the pleadings in light most favorable to the pleading party."  Uniloc v. Apple, Inc., No. 18-CV-00364-PJH, 2018 WL 1640267 (N.D. Cal. Apr. 5, 2018) (quoting In re 2TheMart.com, Inc., Sec. Litig., 114 F. Supp. 2d 955, 965 (C.D. Cal. 2000)).  A court must deny the motion to strike if there is any doubt whether the allegations in the pleadings might be at issue in the action.  In re 2theMart.com, 114 F. Supp. 2d at 965 (citing Fantasy, Inc., 984 F.2d at 1527).  However, a motion to strike is proper when a defense is insufficient as a matter of law.  Chiron Corp. v. Abbot Labs., 156 F.R.D. 219, 220 (N.D. Cal. 1994).

/ / /

**B.     Analysis**

   **1.     Defendants' Responses**

Plaintiff argues that several of defendants' responses to the allegations in the complaint are improper and should be stricken. Mtn. at 4.

   **a.     Paragraph Four**

Paragraph four of the complaint alleges:

> In August 2012, Albert's purchased substantially all of the assets of PACO pursuant to an asset purchase agreement. The asset purchase agreement required Albert's to hire: (i) Holzman as the Vice President of Purchasing and Vice President of Global Initiatives; and (ii) Akagaki as the General Manager of PACO, to help PACO continue to operate in a seamless fashion and to protect the value of Albert's purchase.

Compl. ¶ 4. Defendants' answer states: "In response to Paragraph 4, Defendants admit the allegations, except that the commentary on Plaintiff's subjective opinion about the purpose of the assert [sic] purchase agreement to 'protect the value of Albert's purchase' is denied." Answer ¶ 4.

Plaintiff argues that defendants' partial admission and partial denial of plaintiff's allegation is improper under Rule 8 because the characterization of the allegation is neither an admission nor a denial. Mtn. at 4. Defendants assert, in rebuttal, that Rule 8(b)(4) permits partial admissions and denials, therefore paragraph four is a proper answer to plaintiff's allegations. Opp. at 5–6.

Rule 8(b)(4) permits a "party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest." Fed. R. Civ. P. 8(b)(4). Defendants are permitted, therefore, to admit in part and deny in part paragraph four. The question remains whether the phrase "the commentary on Plaintiff's subjective opinion about the purpose of the assert [sic] purchase agreement" is permissible or improper editorializing. As stated in a leading treatise concerning argumentative denials:

> As long as the statement fairly meets the substance of the averment being denied and it is clear what defenses the adverse party is being called upon to meet at trial, a responsive plea should be upheld even though it may be argumentative in form. On the other hand, if an argumentative denial renders

> unclear which averments the defensive pleading is designed to place in issue, a motion to strike under Rule 12(f) may be appropriate, although a grant of the motion under these circumstances should be the exception and not the rule and should be granted with leave to replead.

5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, § 1268 (3d ed. 2020). Regardless of whether the content in question is termed argumentative or editorializing, it is clear that defendants are denying the portion of the complaint relating to the purpose of the purchase agreement. Accordingly, striking the material in question is not warranted.

Accordingly, the court DENIES the motion to strike as it relates to paragraph four of the answer.

### b.   Paragraph Six

Paragraph six of the complaint alleges that:

> As part of its acquisition, Albert's purchased confidential and proprietary business and trade secret information, including but not limited to all rights, title, and interest in rights under contracts and leases, inventory, accounts receivable, books and records, intellectual property, computer hardware and software, supplies, sales literature, customer, supplier, and distributor lists, supplier relationships, client relationships, methodologies, confidential employee information, pricing information, "key man" commitment and know how, import volume information, sales volume information, and goodwill of PACO.

Compl. ¶ 6. Defendants answered: "In response to paragraph 6, Defendants admit that Plaintiff purchased various PACO business information but deny the remainder of the allegations." Answer ¶ 6. Plaintiff argues that defendants' answer is improper because it mischaracterizes the complaint and is argumentative. Mtn. at 5. Defendants respond that their answer included a partial admission that there was a purchase of "PACO business information"; however, they pleaded a partial denial because the scope of trade secrets acquired by Albert's is in dispute. Opp. at 4–5.

As stated above, a responsive plea that is argumentative should not be stricken as long as it fairly meets the substance of the averment being denied and it is clear what defenses the adverse party is being called upon to meet at trial. To the extent

defendants' response is argumentative, such a response is permitted.  If anything, the response suffers from a lack of specificity, but, as defendants point out, discovery and further clarification on the scope of the trade secrets involved will clarify the denial.  Any doubt engendered by the response is resolved by the Rule 12(f) standard; it cannot be said that paragraph six would have "no possible bearing on the subject matter" of the proceedings.  Colaprico, 758 F. Supp. at 1339.

For the foregoing reasons, the court DENIES the motion to strike as it relates to paragraph six.

### c. Paragraph Nine & Thirty-Nine

Plaintiff contends that paragraph forty-one of the answer directly rebuts defendants' earlier responses in paragraphs nine and thirty-nine of the answer.  Mtn. at 5–6.  Paragraph nine of the complaint alleges: "Albert's is informed and believes and, based thereon, alleges that TFO is, and at all times mentioned herein is in the business to broker and/or distribute organic fruit and produce in competition with PACO."  Compl. ¶ 9.  Defendants answered: "In response to Paragraph 9, Defendants admit that TerraFresh is in the business of brokering and/or distributing organic fruit and produce but lack sufficient knowledge or information to determine the truth of, and, on that basis, deny the remainder of the allegations."  Answer ¶ 9.  At paragraph thirty-nine, plaintiff alleges "[p]rior to June 17, 2019, and while employed with PACO, Laffer registered to attend an industry summit as the Vice President of Sales for TFO, a direct competitor of Albert's."  Compl. ¶ 39.  Defendants answer that they "lack sufficient knowledge or information to determine the truth of the allegations as to TerraFresh being a 'direct competitor' of Plaintiff and on that basis deny this allegation."  Answer ¶ 39.

Plaintiff argues that defendants' partial denials regarding TFO being a direct competitor of Albert's are improper due to a later admission made by defendants at paragraph forty-one, where defendants admit that "TerraFresh is a competitor of Albert's."  Id. ¶ 41.  Defendants assert that their allegations are not inconsistent and, further, that any factual dispute should be assessed in discovery.  Opp. at 5.

5

Paragraphs nine, thirty-nine, and forty-one are not clearly irreconcilable. Paragraph nine denies the portion of the complaint alleging that TFO was "in competition with PACO." Answer ¶ 9 (emphasis added). Paragraph forty-one admits that TFO "is a competitor of Albert's." Id. ¶ 41 (emphasis added). To state the obvious, PACO is not the same entity as Albert's, it was purchased by Albert's but presumably is only one division of Albert's. Compl. ¶ 7 ("PACO continues to operate as a division of Albert's . . . ."). The distinction between Albert's and PACO may turn out to be negligible, but at this stage it is possible that defendants could argue that they were competitors of Albert's but not competitors of PACO.

Defendants' denial in paragraph thirty-nine states that TFO is a "direct competitor" of Albert's, while their admission in paragraph forty-one is that TFO is a "competitor" of Albert's. Again, the distinction between direct competitor compared to competitor may turn out to be negligible, but these two terms are not the same. At the very least, these two factual disputes illustrate the relevance of the Ninth Circuit's admonition in PAE Government Systems v. MPRI, Inc., 514 F.3d 856, 859 (9th Cir. 2007), that a "district court has no free-standing authority to strike pleadings simply because it believes that a party has taken inconsistent positions in the litigation." That statement resolves any doubt with regard to these two paragraphs.

For the foregoing reasons, the court DENIES plaintiff's motion to strike paragraphs nine and thirty-nine.

### d. Paragraph Seventy

Paragraph sixty-nine of the complaint alleges in relevant part: "Neither Akagaki nor Laffer advised Albert's that they had accepted Holzman's offer of employment and/or equity in the business entity that came to be known as TFO, to compete against Albert's, while they were employed at Albert's. . . ." Compl. ¶ 69. Paragraph seventy[1] of the answer states "Akagaki and Laffer did not disclose to Plaintiff that they accepted offers of

---

[1] The numbering between the complaint and answer fall out of sequence here.

1  employment with TerraFresh to begin after their employment with Plaintiff . . . ." Answer
2  ¶ 70.  Plaintiff asserts that paragraph seventy does not contain an admission or denial,
3  rather it is an improper mischaracterization of plaintiff's allegations.  Mtn. at 6.
4  Defendants respond that paragraph seventy is a partial denial and partial admission with
5  qualifying language.  Opp. at 5.
6        As previously stated, a responsive plea that is argumentative should not be
7  stricken as long as it fairly meets the substance of the averment being denied and it is
8  clear what defenses the adverse party is being called upon to meet at trial.  Defendants'
9  answer is a partial denial and partial admission, permitted by Rule 8(b)(4).  Further, to the
10 extent the answer is argumentative, the responsive plea meets the substance of the
11 averment being denied.
12       For the foregoing reasons, the court DENIES plaintiff's motion to strike paragraph
13 seventy.

### 2. Affirmative Defenses

#### a. Whether Defendants' First Through Fifth and Seventh Through Twenty-Seventh Affirmative Defenses Provide Proper Notice

17       Plaintiff argues that the boilerplate language used by defendants in their first
18 through fifth and seventh through twenty-seventh affirmative defenses are insufficient
19 under Twombly/Iqbal's heightened pleading standard because defendants simply list the
20 affirmative defenses rather than give a factual basis for their relevance.  Mtn. at 7.
21 Plaintiff also argues the same defenses fail to give plaintiff notice as to which claims in
22 the complaint the defense might apply.  Id. at 8.  In response, defendants contend that
23 plaintiff's motion lumps together their affirmative defenses and does not analyze the
24 individual defenses.  Opp. at 5–6.  In its reply brief, plaintiff states that it withdraws its
25 objection that defendants' first, ninth, thirteenth, fourteenth, sixteenth through eighteenth,
26 twenty-first through twenty-fifth, and twenty-seventh affirmative defenses do not make
27 clear to which of plaintiff's claims they relate.  Reply at 10 n.2.
28       As an initial matter, the Ninth Circuit has not explicitly held whether the

7

requirements of Twombly and Iqbal apply to the pleading of affirmative defenses.[2] Generally, district courts in this district and around the country have extended the Twombly/Iqbal standard to evaluate the the pleading of affirmative defenses, Barnes v. AT & T Pension Ben. Plan-Nonbargained Program, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010) (collecting cases), and this court has followed suit, Perez v. Wells Fargo & Co., No. 14-CV-0989-PJH, 2015 WL 5567746, at *3 (N.D. Cal. Sept. 21, 2015).

While the foregoing disposes of the applicable standard to evaluate an affirmative defense generally, plaintiff's motion presents a further issue. Plaintiff takes the approach of grouping all the affirmative defenses together and arguing that each one fails to meet Twombly/Iqbal. Mtn. at 7–8. At most, plaintiff calls out a few affirmative defenses as exemplary, without further discussing the shortcoming of those defenses. This court has dealt with the same issue in Perez v. Wells Fargo:

> It is insufficient to simply argue that the defenses collectively are not pled in accordance with Twombly/Iqbal. Plaintiffs must discuss each defense separately, and where necessary, list the elements that must be pled in order to adequately allege the defense. The court can respond only to plaintiffs' motion and the arguments made in opposition to that motion, and absent argument by the parties will not conduct an analysis of the answer in order to determine which defenses are adequately pled and which are not. Moreover, the court will not entertain a further motion on this issue.

2015 WL 5567746, at *4. The same reasoning applies here. Plaintiff has advanced a collective argument that many of defendants' affirmative defenses are insufficient without discussing each challenged defense separately.

Accordingly, the court DENIES plaintiff's motion to strike defendants' first through fifth and seventh through twenty-seventh affirmative defenses for failing to meet

---

[2] The Ninth Circuit's opinion in Kohler v. Flava Enterprises, Inc., 779 F.3d 1016 (9th Cir. 2015), appeared to announce a lesser pleading standard for affirmative defenses, but district courts are split on whether Kohler, in fact, squarely held that Twombly/Iqbal does not apply to affirmative defenses. See Prod. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd., No. 16-CV-00669-YGR, 2017 WL 1330598, at *3 (N.D. Cal. Apr. 11, 2017) (discussing split). Because the court disposes of plaintiff's motion on different grounds, it need not weigh in on any such split.

8

1  Twombly/Iqbal and failing to provide proper notice.

2              **b.     Whether Defendants' Affirmative Defenses Are Cognizable**

3  Plaintiff next argues that defendants' first, second, fourth through sixth, ninth

4  through sixteenth, nineteenth, twenty-fourth, twenty-sixth, and twenty-seventh affirmative

5  defenses are not legally cognizable.  Mtn. at 8–9.  Plaintiff also argues that the twenty-

6  seventh affirmative defense reserves the right to assert unspecified defenses and plaintiff

7  contends the failure to plead a defense is a Rule 11 violation.  Id. at 9.  Defendants take

8  issue with plaintiff's failure to cite authority for each of the challenged affirmative

9  defenses.  Opp. at 6.  Then, defendants cite cases that support several of the affirmative

10  defenses as legally cognizable.  Id. at 7.

11  As a general rule, "[a] defense which demonstrates that plaintiff has not met its

12  burden of proof is not an affirmative defense."  Zivkovic v. S. Cal. Edison Co., 302 F.3d

13  1080, 1088 (9th Cir. 2002) (citing Flav–O–Rich v. Rawson Food Serv., Inc. (In re Rawson

14  Food Serv., Inc.), 846 F.2d 1343, 1349 (11th Cir. 1988)).  Plaintiff contends that this

15  general rule applies to several of defendants' affirmative defenses without applying the

16  rule to the elements of each affirmative defense.  This is the same issue discussed above

17  and in Perez.

18  Moreover, it is not immediately obvious that some of the affirmative defenses with

19  which plaintiff takes issue are incognizable.  For example, Rule 8 offers a non-exclusive

20  list of possible affirmative defenses including contributory negligence, which accords with

21  defendants' twelfth defense.  Fed. R. Civ. P. 8(c)(1).  In a case cited by defendants, the

22  court stated, "it is clear that under California law, unclean hands may provide a complete

23  defense to an action in law."  Infor Glob. Sols. (Mich.), Inc. v. St. Paul Fire & Marine Ins.

24  Co., No. C 08-02621 JW, 2009 WL 5909255, at *2 (N.D. Cal. Oct. 21, 2009).  In a case

25  cited by plaintiff, the court rejected a failure to mitigate an affirmative defense not

26  because it was legally incognizable but because it was insufficiently pled.  See Snap!

27  Mobile, Inc. v. Croghan, No. 18-CV-04686-LHK, 2019 WL 884177, at *5 (N.D. Cal. Feb.

28  22, 2019).  This is not an exhaustive examination of defendants' affirmative defenses, but

1  (with a few exceptions to be discussed) plaintiff's motion fails to cite any case that a
2  particular defense is legally incognizable.
3  Plaintiff only addresses one affirmative defense with any particularity; the twenty-
4  seventh affirmative defense, which reserves the possibility of pleading additional
5  defenses.  Courts have noted that such a defense is not an affirmative defense.  Ujhelyi
6  v. Vilsack, No. C 12-04282 JSW, 2013 WL 6174491, at *1, 3 (N.D. Cal. Nov. 25, 2013);
7  Vogel v. Huntington Oaks Del. Partners, LLC, 291 F.R.D. 438, 442 (C.D. Cal. 2013).  The
8  court agrees that such an affirmative defense is not permitted under Rule 8.
9  For the foregoing reasons, the court GRANTS plaintiff's motion to strike the
10 twenty-seventh affirmative defense but DENIES the motion as to the remaining
11 affirmative defenses.

        **c.**       **Whether Defendants' Statutes of Limitations Defense is Cognizable**

14 Finally, plaintiff separately challenges defendants' twenty-first affirmative defense,
15 which asserts various statutes of limitations.  Mtn. at 9.  Plaintiff contends that—based on
16 the dates it alleged concerning breach of contract in the complaint—the various statutes
17 of limitations cited by defendants are defeated by the allegations in the complaint.  Id. at
18 10–11.  Specifically, the claims brought in the complaint are related to misconduct that
19 occurred after 2018, which is well within the one to four year limitations period under the
20 applicable statutes.  Id.  In response, defendants argue that the complaint is unclear
21 whether any misconduct occurred before 2018, which could fall outside the statutes of
22 limitations.  Opp. at 7–8.  Defendants go on to argue that plaintiff failed to "positively state
23 that no actionable misconduct occurred before 2018."  Id. at 8.
24 Neither party has cited a case that addresses head on the issue presented:
25 whether a court should strike a statute of limitations affirmative defense where none of
26 the alleged conduct occurred prior to the limitations period.  Defendants do not challenge
27 plaintiff's calculation of the relevant time periods, which supports plaintiff's contention that
28 no limitations period applies to plaintiff's claims.  At least two factors cut in the other

direction. First, it is difficult to assess any prejudice to plaintiff. If plaintiff is ultimately correct in its calculation and arguments concerning the applicable statutes of limitations, then the court would simply find that the defense is not applicable. In its reply, plaintiff identifies no specific prejudice here, other than a generalized concern regarding streamlining the proceedings and wasting of time and resources. Reply at 11. Second, defendants have a valid argument that evidence may come out through discovery that implicates a statute of limitation. In light of those competing arguments, the Rule 12(f) standard resolves any doubt in favor of denying the motion because motions to strike are not favored and "should not be granted unless it is clear that the matter to be stricken could have no possible bearing on the subject matter of the litigation." Colaprico, 758 F. Supp. at 1339.

For the foregoing reason, the court DENIES plaintiff's motion to strike the twenty-first defense.

### 3. Rule 11 Sanctions and Other Procedural Matters

Finally, the court briefly addresses various procedural matters and accusations of sanctionable conduct traded by the parties.

First, defendants contend that plaintiff, in the filing of the memorandum in support of the instant motion, is in violation of Civil Local Rule 7-4(a)(3) and (a)(4). Opp. at 9. Defendants assert that plaintiff's memorandum failed to provide a statement of facts and statement of issues to be decided as required by the local rule. Id. The court declines to deny the motion on the basis of any failure to meet the Civil Local Rules but admonishes plaintiff to more clearly delineate its statement of issues and succinct statement of relevant facts in any future motions.

Second, both parties suggest at various points that the opposing parties' pleadings or moving papers should be sanctioned pursuant to Rule 11. Mtn. at 11; Opp. at 10. Plaintiff suggests defendants' answer is sanctionable because, for example, defendants plead a statute of limitations defense that is barred by their own admissions. Mtn. at 11. Defendants respond that plaintiff's sanctions request is frivolous and a frivolous request

11

for sanctions can be ground for sanctions itself. Opp. at 9–10.

Any party bringing a claim for sanctions against an opposing party due to a violation of Rule 11 must file a motion "separately from any other motion and must describe the specific conduct that allegedly violates rule 11(b)." Fed. R. Civ. P. 11(c)(2). Neither party has followed the procedural requirements of Rule 11, thus sanctions are not warranted for or against either party. The court is cognizant that counsel for all parties should zealously advocate for their clients' interests. That said, accusations of sanctionable conduct that neither rise to the level of sanctionable conduct nor follow the procedural requirements for Rule 11 sanctions distracts both the court and the parties from securing a just, speedy, and inexpensive determination of this action. Fed. R. Civ. P. 1. Any further claims for sanctions that are not brought in compliance with Rule 11 will be stricken.

Finally, plaintiff filed an objection asserting that a declaration attached to the opposition is improper and should not be considered when deciding plaintiff's motion to strike. Dkt. 51 at 1–2. The declaration in question details a lack of meeting and conferral between counsel for the parties prior to the filing of the present motion. The court's resolution of this motion does not rely on the material in the declaration and the court therefore OVERRULES plaintiff's objection.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to strike is GRANTED with respect to the twenty-seventh affirmative defense and DENIED in all other respects.

**IT IS SO ORDERED.**

Dated: July 10, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge