UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALBERT'S ORGANICS, INC.,<br>　　　　Plaintiff,<br>　　v.<br>GREG HOLZMAN, et al.,<br>　　　　Defendants. | Case No. 19-cv-07477-PJH<br><br>**ORDER GRANTING MOTION TO COMPEL**<br><br>Re: Dkt. No. 53 |

Before the court is defendants Greg Holzman, Steven Akagaki, Jason Laffer, and Terrafresh Organics, LLC's (collectively "defendants") motion to compel. The matter is fully briefed and suitable for decision without oral argument. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby rules as follows.

**BACKGROUND**

Plaintiff Albert's Organics, Inc. ("Albert's" or "plaintiff") filed a complaint ("Compl.") in this action on November 13, 2019 alleging (1) violation of the Defend Trade Secrets Act, (2) violation of the California Uniform Trade Secrets Act, (3) breach of contract, (4) tortious inducement of breach of contract, (5) tortious interference with business relations/contract, (6) breach of duty of loyalty, (7) tortious inducement of breach of duty of loyalty, (8) unfair competition, and (9) interference with prospective economic relations. Dkt. 1. On March 23, 2020, the court granted in part and denied in part the defendants' motion to dismiss. Dkt. 31. As relevant to this motion, the court denied defendants' motion to dismiss plaintiff's first and second causes of action, alleging federal and state

trade secret violations.

Plaintiff proposed to defendants, and later filed with the court, a trade secret designation attached to the parties' joint case management statement. Dkt. 53-1, Ex. B. As an example, Albert's first trade secret designation includes:

> All of Albert's confidential communications, documents and information that discuss, mention, reflect or refer to Albert's contracts with customers and suppliers, leases, inventory sources, volume and pricing, accounts receivable, books and records, intellectual property, computer hardware and software, supplies, sales literature, customer, supplier and distribution lists, supplier relationship details, client relationship details, methodologies, confidential employee information, pricing information, "key man" commitment and know-how, import volume information, sales volume information, and goodwill of PACO.

Id. ¶ 1. The trade secret designation includes a total of ten items.

## DISCUSSION

### A.   Legal Standard

A plaintiff seeking relief for the misappropriation of trade secrets "must identify the trade secrets and carry the burden of showing that they exist." MAI Sys. Corp. v. Peak Comput., Inc., 991 F.2d 511, 522 (9th Cir. 1993). "While the Ninth Circuit has yet to decide whether Section 2019.210 of the California Code of Civil Procedure applies to actions in federal court, courts in this district have routinely applied the trade secret disclosure provisions in Section 2019.210." Openwave Messaging, Inc. v. Open-Xchange, Inc., No. 16-CV-00253-WHO, 2018 WL 2117424, at *4 (N.D. Cal. May 8, 2018) (collecting cases). California Code of Civil Procedure Section 2019.210 provides:

> In any action alleging the misappropriation of a trade secret under the Uniform Trade Secrets Act[,] . . . before commencing discovery relating to the trade secret, the party alleging the misappropriation shall identify the trade secret with reasonable particularity subject to any orders that may be appropriate under Section 3426.5 of the Civil Code.

Cal. Code Civ. Proc. § 2019.210; Advanced Modular Sputtering, Inc. v. Superior Court, 132 Cal. App. 4th 826, 833 (Ct. App. 2005).

2

"The letter and spirit of section 2019.210 require the plaintiff, subject to an appropriate protective order, to identify or designate the trade secrets at issue with sufficient particularity to limit the permissible scope of discovery by distinguishing the trade secrets from matters of general knowledge in the trade or of special knowledge of those persons . . . skilled in the trade." Advanced Modular, 132 Cal. App. 4th at 835 (alteration in original) (internal quotation marks omitted).  That does not require the designation itself to detail how the trade secret differs from matters of general knowledge in the trade.  Instead, § 2019.210 "was intended to require the trade secret claimant to identify the alleged trade secret with adequate detail to allow the defendant to investigate how it might differ from matters already known and to allow the court to craft relevant discovery." Brescia v. Angelin, 172 Cal. App. 4th 133, 1447–50 (2009) (emphasis added) ("Absent a showing that elaboration is required to serve the [section's] goals, section 2019.210 should not be construed to require the claimant to explain why the alleged trade secret differs from matters already known in the industry.").

> Reasonable particularity mandated by section 2019.210 does not mean that the party alleging misappropriation has to define every minute detail of its claimed trade secret at the outset of the litigation.  Nor does it require a discovery referee or trial court to conduct a miniature trial on the merits of a misappropriation claim before discovery may commence.  Rather, it means that the plaintiff must make some showing that is reasonable, i.e., fair, proper, just and rational, under all of the circumstances to identify its alleged trade secret in a manner that will allow the trial court to control the scope of subsequent discovery, protect all parties' proprietary information, and allow them a fair opportunity to prepare and present their best case or defense at a trial on the merits.

Advanced Modular, 132 Cal. App. 4th at 835–36 (internal quotation marks and citation omitted); Brescia, 172 Cal. App. 4th at 148–49.

**B.    Analysis**

The issue here is whether plaintiff should be required to file a more specific trade secret designation than the one it has already proposed.  Defendants argue that the trade secret designation is nothing more than a listing of concepts or generalized categories that are not sufficiently particular for a trade secret designation.  For example, numbered

3

items six and seven of plaintiff's trade secret designation state "[p]otential venture partners" and "Albert's investment plans" respectively. Dkt. 53-1, Ex. B., ¶¶ 6–7. Defendants also assert that because the designation recites almost verbatim portions of plaintiff's complaint and because the designation itself was publicly filed, the designation likely does not refer to trade secrets.

Before discussing the substance of defendants' arguments, the court first addresses several threshold arguments raised by plaintiff. First, Albert's contends that issue preclusion bars this motion, which plaintiff characterizes as a re-litigation of defendants' motion to dismiss. Issue preclusion "precludes relitigation of issues argued and decided in prior proceedings," ScripsAmerica, Inc. v. Ironridge Global LLC, 56 F. Supp. 3d 1121, 1154 (C.D. Cal. 2014) (citation omitted) (emphasis added), but does not apply within the same proceeding. See Davidson v. Apple, Inc., No. 16-cv-04942-LHK, 2019 WL 6251180, at *15 (N.D. Cal. Nov. 22, 2019). Moreover, "[i]n denying defendant[s'] motion to dismiss, the court was required to determine whether the [complaint] stated a trade secrets claim—not whether the [complaint's] trade secret allegations satisfied § 2019.210." Gatan, Inc. v. Nion Co., No. 15-CV-01862-PJH, 2018 WL 2117379, at *2 (N.D. Cal. May 8, 2018).

Second, plaintiff contends that the Ninth Circuit has not determined whether California Code of Civil Procedure § 2019.210 should apply to federal courts sitting in diversity and, further, that there is no case that applies the California Code of Civil Procedure § 2019.210 to the federal Defend Trade Secrets Act. Plaintiff is correct that the Ninth Circuit has not determined whether section 2019.210 should apply to federal courts sitting in diversity; however, several courts in this district, including this court, see Gatan, 2018 WL 2117379, at *1, have determined that section 2019.210 applies to trade secret claims arising under California's Uniform Trade Secret Act. As aptly summarized by the district court in Social Apps, LLC v. Zynga, Inc., No. 4:11-CV-04910 YGR, 2012 WL 2203063, at *2 (N.D. Cal. June 14, 2012) (citations omitted), "[s]ection 2019.210 does not conflict with any Federal Rule of Civil Procedure but rather assists the court and

1   parties in defining the appropriate scope of discovery." See also Vendavo, Inc. v. Price
2   f(x) AG, No. 17-cv-6930-RS, 2019 WL 4394402, at *1 n.1 (N.D. Cal. Sept. 13, 2019)
3   ("While [§ 2019.210] does not strictly apply in this federal proceeding, similar procedures
4   may be imposed as a means of managing discovery disputes in the event the parties are
5   unable to agree to a reasonable approach."). The framework described in California
6   Code of Civil Procedure § 2019.210 is appropriate to apply in this case as a means of
7   managing discovery.

8         Next, plaintiff contends that the reasonable particularity requirement should be
9   liberally construed. As a general statement of the law, plaintiff is correct. "What is
10  required is not absolute precision, but 'reasonable particularity[,]'" the degree of which
11  "will differ, depending on the alleged trade secrets at issue in each case." Loop AI Labs
12  Inc. v. Gatti, 195 F. Supp. 3d 1107, 1111–12 (N.D. Cal. 2016) (alteration in original)
13  (quoting Advanced Modular, 132 Cal. App. 4th at 836). Plaintiff contends that it has
14  identified its trade secrets with sufficient particularity because its trade secrets do not
15  involve, for example, "advances in the state of the art in highly specialized fields." Opp.
16  at 14. Instead, plaintiff alleges that defendants took Albert's confidential customer and
17  supplier information that Albert's compiled over time. Id. at 14–15. The court agrees with
18  plaintiff that customer and supplier information does not generally involve scientific or
19  technical secrets that would need to be filed under seal. To that end, numbered item two
20  defines both customer information and supplier information with reasonable particularity.
21  Numbered item ten also provides reasonable particularity.

22        The remainder of plaintiff's trade secret designation does not meet the reasonable
23  particularity standard. Several of the designations listed are so broad that they could
24  apply to any company: "[p]roduct inventory and sales pricing information," "[p]ricing and
25  financing resources, and terms and conditions," and "[p]otential venture partners." Dkt.
26  53-1, Ex. B., ¶¶ 4–6. While numbered designation two sufficiently defines customer and
27  supplier information, there are no such definitions with regard to the remaining terms
28  rendering those terms overly broad. Moreover, some of these items are duplicative of

later designations, such as "pricing, financing, . . . potential customer and venture partners, . . . [and] proposed or contemplated investments . . . ." Id. ¶ 2. Several designations are vague including: "Albert's investment plans," and "[p]rofitability of Albert's business relationships and Albert's enterprise." Id. ¶¶ 7–8. Portions of numbered item three are also vague or confusing. Numbered item three designates "[k]ey employee information" and includes the confusing phrase "those needed to establish an operation similar to Albert's" and references "knowledge," which implies what an individual might know. Id. ¶ 3. Finally, numbered item one is both broad and vague.

Further, the use of catchall terms such as "including" also indicates an overly broad designation. Such a term "does not clearly refer to tangible trade secret material." Imax, 152 F.3d at 1167 (concluding that the phrase "including every dimension and tolerance that defines or reflects that design" was an insufficient disclosure). For that reason, numbered item nine, while otherwise specific, does not limit what could be considered a [k]ey confidential business relationship." Dkt. 53-1, Ex. B, ¶ 9.

## CONCLUSION

For the foregoing reasons, the court GRANTS defendants' motion to compel. Because plaintiff's trade secrets designation does not satisfy § 2019.210, plaintiff is ORDERED to produce a revised § 2019.210 designation except for the designations referenced in this order that are described with reasonable particularity. The revised designation should include a summary in plain English of the specific trade secrets at issue. Though the revised designation need not explain how the alleged trade secrets differ from general knowledge in the trade, the designation must include sufficient detail to enable defendants to investigate and make that determination.

**IT IS SO ORDERED.**

Dated: July 30, 2020

/s/ Phyllis J. Hamilton
PHYLLIS J. HAMILTON
United States District Judge